UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

KEVIN BROWN, :
          Petitioner, :
           :
    v. : No. 18-2790
           :
BARRY SMITH, the ATTORNEY GENERAL OF :
THE STATE OF PENNSYLVANIA, and the :
DISTRICT ATTORNEY'S OFFICE OF :
PHILADELPHIA COUNTY, :
          Respondents. :

**O P I N I O N**
Report and Recommendation, ECF No. 12 – Adopted

**Joseph F. Leeson, Jr.**                                                            **October 1, 2019**
**United States District Judge**

## I.    INTRODUCTION

In 2018, Petitioner Kevin Brown filed a pro se writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his guilty plea in the Philadelphia County Court of Common Pleas for two counts of third-degree murder and one count of unlawful possession of a firearm. He additionally challenges the performance of his Post-Conviction Relief Act ("PCRA") counsel.

Magistrate Judge Thomas J. Rueter issued a Report and Recommendation ("R&R") concluding Brown did not exhaust his administrative remedy for his claim challenging his guilty plea; however, the R&R further concluded Petitioner knowingly and voluntarily pled guilty as evidenced by his colloquy. Moreover, the R&R determined Brown's claim challenging the performance of his PCRA counsel is not reviewable. The Magistrate Judge recommends that the habeas petition be denied and that no certificate of appealability be granted.

Brown filed objections to the R&R.[1] Furthermore, pending before this Court is a motion filed by Brown to stay his petition in order to continue his state PCRA claim. After de novo review, this Court overrules the objections and adopts the findings and conclusions in the R&R. The habeas petition is denied and dismissed and Brown's motion to stay is denied.

## II. STANDARD OF REVIEW

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

This Court has conducted de novo review and overrules Brown's objections to the R&R. Magistrate Judge Rueter thoroughly reviewed the issues presented in this case, and succinctly analyzed the facts and applicable legal authority. The findings and conclusions in the R&R are adopted and incorporated herein. This Court writes separately only to address Petitioner's objections.

---

[1] In the interests of justice, this Court construed Brown's late traverse as objections to the R&R in addition to the actual, untimely, objections Brown filed.

In his objections, Brown asserts that the Magistrate Judge had been aware that "one of the officers involved in his case had legal problems of their own." *See* Traverse, ECF No. 15, *see also* Objs, ECF No. 16 (quoting R&R at 9, ECF No. 12). However, the document Brown cites addresses how counsel's legal strategy would have differed but for the police officer's legal issues. Objs., Ex. B. It does not address how Brown's guilty plea was not knowing, willful, or voluntary. Brown does not state that he would not have pled guilty because he is actually innocent. Moreover, in Petitioner's traverse, he cites being held for "32.25 hours," but fails to address how this affected his plea in court. The case he cites, *Miranda v. Arizona*, 384 U.S. 436 (1966), has no bearing on whether a guilty plea is knowingly, willful and voluntary. The objection is overruled.

Next, Brown alleges he exhausted his claim that his confession was coerced. As correctly noted in the R&R, however, Brown failed to develop any factual basis for the claim and cannot revive it for the first time on a federal habeas. *See Baldwin v. Reese*, 541 U.S. 27 (2004) (stating it is well settled before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the state the "opportunity to pass upon and correct" alleged allegations of its prisoners' federal rights). Moreover, the evidence presented for Petitioner's guilty plea showed he knowingly, willfully, and voluntarily entered into his plea without coercion. *See* Trans. of Guilty Plea, ECF No. 11. The objections in this regard are overruled.

Brown's last objection avers his PCRA counsel failed to explain how Detective Dove coerced his guilty plea, and, thus, was ineffective. *See* Objs. 3-4; *see also* Traverse 1-2. Brown cites to *Martinez v. Ryan*, 566 U.S. 1 (2012). Traverse 2. The Magistrate Judge correctly opines that the ineffective assistance of PCRA counsel is not itself a cognizable habeas claim. Having

cited *Martinez*, however, Brown apparently alleges that PCRA counsel's ineffectiveness is "cause" to excuse his procedural default as to his claim that his confession was coerced.

"Under *Martinez v. Ryan*, 566 U.S. 1 (2012), the failure of collateral attack counsel to raise an ineffective assistance of trial counsel claim in an initial-review collateral proceeding can constitute 'cause' if (1) collateral attack counsels failure itself constituted ineffective assistance of counsel under *Strickland*, and (2) the underlying ineffective assistance of trial counsel claim is 'a substantial one.'" *Glenn v. Wynder*, 743 F.3d 402, 409-10 (3d Cir. 2014) (citing *Martinez*, 132 S.Ct. at 1319). The default will be excused only where the petitioner establishes that PCRA counsel's conduct was such that no competent attorney would have followed it, and that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687, 694. In order to establish that a claim is "substantial," Petitioner must demonstrate that "the claim has some merit." *Martinez*, 132 S.Ct. at 1318. In making this determination, the *Martinez* Court advises courts to adopt the test normally used for deciding whether it is appropriate to issue a certificate of appealability: if "reasonable jurists" would find the claim to be "debatable." *See Miller-El v. Cockrell*, 123 S. Ct. 1029 (2003); *Martinez*, 132 S.Ct. at 1318-19.

Here, Brown fails to establish his PCRA counsel's performance constituted ineffective assistance that caused his default. The evidence presented establishes Brown entered his plea knowingly, willfully, and voluntarily. Furthermore, Brown's only evidence presented regarding Detective Dove's conduct was a letter from his trial counsel explaining how counsel's trial strategy would have differed. This letter did not state Brown would not have pled guilty had be known of Detective Dove's misconduct. Any allegation to ineffectiveness is not "substantial"

within the meaning of *Martinez*. *See Mobey v. Truitt*, 2019 U.S. LEXIS 102611, at *27 (E.D. Pa. June 18, 2019).

Moreover, Brown cites to state law cases to support his claim. However, Brown fails to cite to federal case law to support his claim. Thus, the cases he cites are inapposite to his claim. Brown merely attempts to repackage his guilty plea objection into a different objection. The objection is overruled.

Lastly, Brown filed a Motion Requesting a Stay of Abeyance so he can exhaust his state requirements. *See* ECF No. 17. However, the claims are being dismissed as procedurally deficient, not simply unexhausted. Brown fails to cite to the requisite good cause necessary to warrant a stay. Brown instead cites to cases without specifically justifying his cause. *See Rhines v. Weber*, 544 U.S. 269 (2005) (stating upon a showing of good cause, the Court can put the federal proceedings on hold while petitioner pursues the available state remedies). The motion is denied.

The petition for writ of habeas corpus is denied and dismissed and a certificate of appealability ("COA") is denied.[2] Jurists of reason would neither find debatable that the claims are procedurally defaulted nor that Brown's claims have merit. *See Murphy v. Superintendent*

---

[2] "Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Furthermore, for issues determined on the merits, a petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

*Albion SCI*, No. 17-1391, 2017 U.S. App. LEXIS 16948, at *1 (3d Cir. 2017) ("Jurists of reason would not find it debatable that the District Court was correct in its ruling that Appellant's habeas corpus claim is barred due to a procedural default.").

## IV. CONCLUSION

After de novo review, this Court agrees with the Magistrate Judge that the habeas petition either lacks merit or contains claims that are procedurally defaulted. Brown's objections to the R&R are overruled and his Motion for a Stay and Abey is denied. This Court adopts the findings and conclusions in the R&R. The habeas petition is denied and dismissed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge